

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by L-1561

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4261
Re: Construction of Article 16, House
Bill No. 8, Forty-seventh Legis-
lature, with reference to tax-
ability of certain oil well oper-
ations.

This is in reply to your request for our opinion in
regard to Article 16, House Bill No. 8, Forty-seventh Legisla-
ture, (codified as Article 7060a of Vernon's Annotated Revised
Civil Statutes of Texas) which imposes a tax on the furnishing
of certain oil well services. Your request reads as follows:

"There is a device known as a casing tester,
gun tester or flow device which is run in com-
bination with a gun perforator or separately. The
tool is run on a tubing or drill pipe to a desig-
nated zone inside the casing so that when the
casing is perforated, the oil outside of the cas-
ing at that level can flow through such perfor-
ators into the well and on into the production
tool in order to determine if additional holes
are required or to determine if the perforating
has been successfully done opposite the actual oil
zone.

" . . . . .

"Please tell me if, in your opinion, casing
or gun tester or flow device used in connection with
the perforating of the casing would come within one
of the . . . taxable operations."

The particular statute in question is paragraph (b),
Section 1, of said Article 16, House Bill No. 8, which reads as
follows:

"(b) Every person in this State engaged in
the business of furnishing any service or perform-
ing any duty for others for a consideration or com-
pensation, with the use of any devices, tools,

instruments or equipment, electrical, mechanical, or otherwise, or by means of any chemical, electrical, or mechanical process when such service is performed in connection with the cementing of the casing seat of any oil or gas well or the shooting or acidizing the formations of such wells or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells, shall report on the 20th of each month and pay to the Comptroller, at his office in Austin, Texas, an occupation tax equal to two and two-tenths (2.2) per cent of the gross amount received from said service furnished or duty performed, during the calendar month next preceding. The said report shall be executed under oath on a form prescribed and furnished by the Comptroller."

We have heretofore held that "this is a tax on _services furnished_ or _duty performed_" and that "the persons taxed are those persons 'furnishing, any _service_ or _performing any duty_ . . . . when such _service_ is performed _in connection with_'" certain oil and gas well operations. (See the following Attorney General's Opinions: No. 0-3627, dated June 27, 1941, No. 0-3698, dated Aug. 7, 1941, and No. 0-3784, dated Aug. 7, 1941, and addressed to the Comptroller of Public Accounts.) Those operations are enumerated in the statute as follows: "_cementing of the casing seat_ of any oil or gas well or the _shooting or acidizing_ the formations of such wells or the _surveying_ or _testing_ of the sands or other formations of the earth in any such oil or gas wells."

If the operation you describe, to-wit, the use of the device to determine if additional holes in the casing are required or its use to determine if the perforating has been successfully done, is one of the operations listed in said statute, then a person performing said operation or performing any service in connection with said operation and collecting pay therefor is liable for the tax by virtue of the same.

In Attorney General's Opinions Nos. 0-3627, No. 0-3698 and No. 0-3784 we considered these various operations, to-wit, "cementing of the casing seat", "shooting", "acidizing", "surveying", and "testing". We believe we correctly analyzed these operations, and the law as applied to them, in those opinions; and from what was said it is our opinion that the operation you describe in this request is not in connection with "cementing of the casing seat", "shooting", "surveying" or "testing", as those terms are used in the statute. We refer you to said Opinions No. 0-3627, No. 0-3698 and No. 0-3784, which were sent to you when they were originally written.

A different answer might be necessary in regard to "acidizing". In Opinion No. 0-3784, supra, this department held that "an operation does not have to be one of the named operations to be taxable, but it is taxable if it is merely 'performed in connection with' one of the named operations." In that opinion it was further held that the tax in question does not apply to the ordinary use of a mechanical perforator or a gun perforator, as those devices are ordinarily used only to make holes in a casing so that the oil already there will flow into the well; but we said that sometimes perforating of a casing is done in connection with a taxable operation, to-wit, "acidizing", in that it is done preparatory to acidizing for the purpose of making holes at a certain level through which acid could be forced, and we held that in such a case the work of perforating the casing was a taxable service.

In answering the question before us we believe the answer depends upon whether or not the device you describe (the device to determine the extent of the perforating) was used in connection with a taxable operation. If the perforating was a taxable operation by virtue of being preparatory to acidizing as stated in Opinion No. 0-3784 then the operation you describe, to-wit, the use of the device to determine the extent of the perforating, is a taxable operation; but, otherwise it is not a taxable operation.

We hope the foregoing answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Rotsch
　　Cecil C. Rotsch
　　Assistant

CCR:LM:wc


APPROVED JAN 31, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL
Approved Opinion Committee By s/BWB Chairman